UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility district,<br><br>   Plaintiff,<br><br>   v.<br><br>1442.92 ACRES OF LAND IN ALPINE COUNTY, CALIFORNIA; F. HEISE LAND & LIVE STOCK COMPANY, INC., a Nevada corporation; WILLIAM WEAVER; EDDIE R. SNYDER; AND CROCKETT ENTERPRISES, INC., a Nevada corporation,<br><br>   Defendants. | NO. CIV. S 02-0238 MCE JFM<br><br>ORDER |

----oo0oo----

On June 14, 2005, Plaintiff South Tahoe Public Utility District ("District") filed an Ex Parte Application for Order Shortening Time on its Motion for Leave to Amend the Third Amended Final Pretrial Order in this case.  That application was granted by the Court by Order dated June 15, 2005, and the District's Motion was set for hearing on June 20, 2005.

1

1 Jeffrey H. Speich appeared on behalf of the District at the time
2 of June 20, 2005 hearing; Integrated Farms was represented by
3 John V. Diepenbrock and Jeffrey L. Anderson.  Following careful
4 consideration of the parties' briefing[1], and after entertaining
5 oral argument, the Court grants the Plaintiff's Motion, subject
6 to the conditions set forth below.

7 In requesting leave to amend the Final Pretrial Order,
8 counsel for the District requests permission to add Stephen
9 Johnson, the sole expert witness designated by the District with
10 respect to valuation of the property that it at issue in this
11 litigation, as a witness at trial.  According to counsel, he
12 inadvertently failed to identify Mr. Johnson on the District's
13 list of witnesses incorporated within the Final Pretrial Order,
14 despite the fact that Mr. Johnson was timely designated as an
15 expert witness pursuant to Federal Rule of Civil Procedure
16 26(a)(3), despite the fact that his written report was submitted,
17 and despite the fact that Mr. Johnson was deposed on two
18 occasions by counsel for Defendant Integrated Farms.

19 The District argues that it would suffer extreme prejudice
20 if Mr. Johnson is prohibited from testifying given the fact that
21 the central issue remaining in this case is valuation of the
22 property formerly owned by Integrated Farms and taken by the
23 District in eminent domain proceedings.  Mr. Johnson would offer
24 testimony on that subject.
25 ///
26 ///

---

[1] Defendant Integrated Farms submitted extensive briefing in opposition to the District's Motion on June 17, 2005.

2

1  Integrated Farms strenuously objects to any amendment
2 permitting Mr. Johnson to testify on grounds of the proximity of
3 the currently scheduled August 10, 2005 trial date, and the fact
4 that the District should not under the circumstances be permitted
5 to deviate from the express terms of the Final Pretrial Order.
6  Integrated Farms correctly points out that the standards for
7 amendment of a final pretrial order are stringent:  modification
8 shall be made "only to prevent manifest injustice".  Fed. R. Civ.
9 P. 16(e).  Nonetheless a pretrial order is not "an inexorable
10 decree" and can, if warranted, be changed.  <u>Mechmetals Corp. v.</u>
11 <u>Telex Computer Prods., Inc.</u>, 709 F.2d 1287, 1294 (9th Cir. 1983).
12 In determining whether manifest injustice may result from a
13 refusal to permit modification of the pretrial order, the Court
14 should determine the degree of prejudice to the moving party
15 resulting from a failure to modify, any likely prejudice to the
16 other side if a change is permitted, the impact of any
17 modification on the orderly and efficient conduct of the case,
18 and any wilfulness, bad faith, or inexcusable neglect on the part
19 of the party seeking modification.  <u>United States v. First Nat'l</u>
20 <u>Bank of Circle</u>, 652 F.2d 882, 887 (9th Cir. 1981).
21  In analyzing these factors, the Court first finds that the
22 potential prejudice to Plaintiff is great if it is not permitted
23 to present expert opinion as to valuation of the subject
24 property.  With respect to Integrated Farms, this is not a
25 situation where it will be subject to "ambush" if Mr. Johnson is
26 permitted to testify.  Mr. Johnson was timely disclosed as an
27 expert, his report was furnished to Integrated Farms and he was
28 made available for deposition not once, but twice.

3

1  Moreover, there is no evidence of either wilfulness or
2  inexcusable neglect on the part of the District; at most, the
3  District simply made a mistake in failing to ensure that Mr.
4  Johnson's name was included on the list of trial witnesses even
5  though his report was clearly disclosed as a potential trial
6  exhibit.  Finally, given the fact that Mr. Johnson's opinion as
7  already been the subject of substantial discovery, the Court does
8  not believe that permitting his testimony will adversely effect
9  the conduct of these proceedings, and particularly the currently
10 scheduled trial date, at this juncture.
11      After weighing all these factors, the Court finds that the
12 potential prejudice to the District, if Mr. Johnson's testimony
13 is disallowed, substantially outweighs the prejudice to
14 Integrated Farms in having to prepare for his trial testimony at
15 this stage of the case.  Modifications of a pretrial order
16 should ordinarily be allowed where a refusal might result in
17 injustice, whereas allowance would cause no substantial injury to
18 the opposing party.  <u>Campbell Industries v. M/V Gemini</u>, 619 F.2d
19 24, 27-28 (9th Cir. 1980).  Consequently the District's Motion is
20 GRANTED.
21      The Court nonetheless recognizes that Integrated Farms
22 should not be penalized as a result of the District's
23 inattention, and its need to respond to this motion.  As a
24 condition of granting Plaintiff's motion, the District shall
25 accordingly make Stephen Johnson again available for deposition,
26 not later than July 15, 2005.
27 ///
28 ///

4

As a further condition, the District shall pay all costs, excluding attorney's fees, associated with said deposition provided it does not last more than one (1) day. Any costs associated with the deposition exceeding one (1) day shall be paid in accordance with the normal Rules of Federal Civil Procedure. Finally, the Court's granting of this motion is also conditioned on payment, by the District, of all fees and costs associated with Integrated Farms' response to the motion. Counsel for Integrated Farms shall submit a declaration of all such fees and costs to the Court for approval within ten (10) days following the date of this Order. All properly recoverable fees and/or costs consistent with this Order shall be paid by the District to counsel for Integrated Farms not later than five (5) days prior to the commencement of trial. In the event those fees and costs are not paid as ordered, this Court's order to allow the testimony of Stephen Johnson will be vacated.

   IT IS SO ORDERED.

DATED: June 22, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE