UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility district,<br><br>            Plaintiff,<br><br>     v.<br><br>1442.92 ACRES OF LAND IN ALPINE COUNTY, CALIFORNIA; F. HEISE LAND & LIVE STOCK COMPANY, INC., a Nevada corporation; WILLIAM WEAVER; EDDIE R. SNYDER; and CROCKETT ENTERPRISES, INC., a Nevada corporation,<br><br>            Defendants. | NO. CIV. S 02-0238 MCE JFM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REQUIRING TAX INFORMATION FROM TAX COLLECTOR PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 1260.250** |

----oo0oo----

Through the present motion, Plaintiff South Tahoe Public Utility District ("District") seeks an order, pursuant to

1

California Code of Civil Procedure § 1260.250, directing the Alpine County Tax Collector to certify tax information pertaining to the property at issue in this eminent domain proceeding. Defendant Integrated Farms LLC has not filed opposition to the District's Motion.  After considering the papers filed in support of the motion, and good cause appearing therefor, the District's Motion is GRANTED.[1]  The Alpine County Tax Collector shall certify the following information to this Court:

   1.   The current assessed value of the property identified by Assessor Parcel Numbers 001-080-0560 (now 001-080-0870), 001-080-0600, 001-080-0800, 001-080-0810 (now 001-080-0860), 001-080-0820 (now 001-080-0850), 001-200-0010, 001-200-0100, and 001-200-0110 (collectively, the "Property"), as more particularly described in the legal descriptions attached as Exhibit A to the Declaration of Jeffery H. Speich in Support of Motion for Order;

   2.   All unpaid taxes on the Property, plus any penalties and costs that have accrued thereon while on the Secured Roll, levied for prior tax years that constitute a lien on the Property;

   3.   All unpaid taxes on the Property, plus any penalties and costs that have accrued thereon while on the Secured Roll, levied for the current tax year that constitute a lien on the Property, prorated to, but not including, the Date of Apportionment;

   4.   The actual or estimated amount of taxes on the Property

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

that are or will become a lien on the Property in the next succeeding tax year prorated to, but not including, the Date of Apportionment;

    5.   The daily prorate; and

    6.   The sum of paragraphs 2, 3, and 4 above.

    IT IS SO ORDERED.

DATED: July 15, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE