UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility district, | NO. CIV. S 02-0238 MCE JFM |
| Plaintiff, | **ORDER** |
| v. | |
| 1442.92 ACRES OF LAND IN ALPINE COUNTY, CALIFORNIA; F. HEISE LAND & LIVE STOCK COMPANY, INC., a Nevada corporation; WILLIAM WEAVER; EDDIE R. SNYDER; and CROCKETT ENTERPRISES, INC., a Nevada corporation, | |
| Defendants. | |

----oo0oo----

Through the present motion, Plaintiff South Tahoe Public Utility District ("District") seeks to introduce ten (10) additional exhibits at trial on grounds that said exhibits were discovered subsequent to the Final Pretrial Order, which was originally issued on September 1, 2004 ("PTO"). That Final

1

Pretrial Order, as most recently amended on January 11, 2005 provides in pertinent part as follows:

> Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:
>
> (1) The exhibits could not reasonably have been discovered prior to pretrial;
>
> (2) The Court and counsel were promptly informed of their existence;
>
> (3) Counsel forwarded a copy of the exhibit(s)(if physically possible) to opposing counsel....

(PTO, 34:1-11).

According to the Declaration of Jeffery H. Speich executed on July 11, 2005 and submitted along with the instant motion, the existence of the exhibits now proposed to be introduced was discovered during the several weeks preceding the date of that declaration. Because the exhibits in question, which are documents dating from October 28, 2004 to March 3, 2005, had not even been prepared at the time of the September 1, 2004 PTO, they could not reasonably have been discovered prior to that time.

In opposing this Motion, Defendant Integrated Farms, LLC ("Integrated Farms") does not dispute that the proposed exhibits were prepared after the PTO, or that the District satisfied the remaining two prerequisites for the introduction of additional exhibits as set forth in the PTO (namely, that the District promptly informed this Court and counsel of the existence of the exhibits and provided copies). Instead, Integrated Farms focuses

solely on whether the proposed exhibits should in fact be admitted into evidence.

In essence, then, Integrated Farms offers no opposition to the instant motion. The fact that Integrated Farms has objected to the actual introduction of the District's additional exhibits at trial does not bear upon whether they may be identified as potential exhibits in the first instance. The District has satisfied the criteria set forth in the PTO for that identification. The PTO makes it clear that actual objections to the exhibits themselves will be entertained at a later time; namely, when in limine motions are heard (PTO, 34:19-20).

Although in the present case in limine motions were heard by the Court on October 25, 2004 at the request of the parties, even though the October 12, 2004 trial date was vacated by the Court's Minute Order dated September 30, 2004, under the terms of the initial PTO said motions were to have been heard on October 11, 2004, the day prior to trial. While the Third Amended Final Pretrial Order filed January 11, 2005 continues to refer to any objections to exhibits being heard simultaneously with the in limine motions (which had already been heard at that time), the provision of the Third Amended Final Pretrial Order dealing with exhibit objections makes sense only if interpreted in accordance with the original PTO, which established a hearing for said objections the day before trial. Consequently, the Court reserves ruling on Integrated Farms' objections to any exhibits offered by the District until that time.

Given the above, the District Motion to Introduce Additional Exhibits at Trial is GRANTED.[1]

IT IS SO ORDERED.

DATED: August 10, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).