UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility district,<br><br>              Plaintiff,<br><br>v.<br><br>1442.92 ACRES OF LAND IN ALPINE COUNTY, CALIFORNIA; F. HEISE LAND & LIVE STOCK COMPANY, INC., a Nevada corporation; WILLIAM WEAVER; EDDIE R. SNYDER; and CROCKETT ENTERPRISES, INC., a Nevada corporation,<br><br>              Defendants. | NO. CIV. S 02-0238 MCE JFM<br><br>**ORDER** |

----oo0oo----

Through the present motion, Plaintiff South Tahoe Public Utility District ("District") seeks to strike two documents filed by Defendant Integrated Farms, LLC ("Integrated Farms") on July

1

8, 2005. Both are supplementations to the Appraisal Report of the Heise Ranch, prepared by Arthur Gimmy International and originally submitted on June 1, 2004. The District bases its Motion to Strike on several grounds, and most prominently on the contention that the supplementations are untimely.

Pursuant to Federal Rule of Civil Procedure 26(e),[1] an expert report like that submitted by Arthur Gimmy International in this case may supplemented in accordance with the provisions of Rule 26(a)(3), which requires pretrial disclosures to be made at least thirty (30) days before trial. According to the District, that supplementation deadline must be assessed in conjunction with the original October 12, 2004 trial date in this matter, since the thirty-day period had expired before the Court, by Minute Order filed September 30, 2004, vacated the original trial date. Integrated Farms, on the other hand, expressly premises the propriety of its supplementations on the contention that the thirty day pretrial deadline for supplementing expert reports must be determined, not by reference to the original trial date, but instead pursuant to the presently set trial date of August 10, 2005. Integrated Farms argues that because its July 8, 2005 supplementations were submitted within thirty days of the August 10, 2005 trial date, they were timely and should be permitted. In making that argument, Integrated Farms points to the fact that the Court's September 30, 2004 Minute Order indicates that

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

matters set pursuant to the provisions of the Final Pretrial Order are vacated pending assignment of a new trial date.  In essence, then, Integrated Farms' position is that even though the deadline for supplementation had passed before issuance of the Court's Minute Order continuing the October 12, 2004 trial,[2] the fact that the trial date was later continued somehow resurrected that expired deadline and permitted supplementation even though such supplementation would otherwise not have been allowed.

     Integrated Farms' position in this regard is, simply, untenable.  As the District points out in its reply memorandum, the fact that the Court vacated pretrial matters set in relation to the initial October 12, 2004 trial date "can only reasonably be construed [with respect to] remaining pretrial deadlines, not those already lapsed".  (Reply, 3:2-3).  Otherwise, completed pretrial tasks could be started anew, a grossly inefficient and senseless proposition.  Consequently, the District's Motion to Strike must be granted on grounds that the Supplementations proffered by Integrated were untimely, without even addressing the other reasons advanced by the District as to why the Supplementations should not be permitted.[3]

---

[2] Integrated Farms asks the Court to take judicial notice, pursuant to Federal Rule of Evidence 201, of the September 30. 2004 Minute Order as well as other documents filed in this case. That request is unopposed and is granted.

[3] The District alternatively argues that even if timely, the proposed supplementations offered by Integrated Farms amount to new opinions not coming within the limited purview of Rule 26(e), which is intended to address circumstances wherein the initial disclosure at issue was defective or incomplete and therefore

(continued...)

This Court is nonetheless troubled by Integrated Farms' efforts to introduce the additional information encompassed within its proposed supplementations when, by Integrated Farms' own admission, "virtually all the corrections contained in Integrated Farms' July 8, 2005 supplementations were contained in Integrated Farms' experts' "surrebuttal" reports filed on July 21, 2004." (Opposition, 3:7-9, restated a second time at 6:6-9). Those "surrebuttal" reports were already the subject of the District's Motion in Limine No. 2, and that motion was granted by the Court on October 25, 2004 on grounds that those reports were untimely. Hence, through the present supplementations, Integrated Farms in essence seeks to reintroduce the same information already rejected by the Court as untimely. Although the Court understands that Integrated Farms makes the ostensible argument that the reports were permissible as supplementation even if they could not have been introduced as rebuttal, that argument as stated above appears virtually indefensible.

While the Court will give Integrated Farms the benefit of the doubt in accepting its claim that the supplementations were offered in good faith, and will consequently not award sanctions against Integrated Farms as requested by the District for having to bring this motion, Integrated Farms is nevertheless forewarned

---

[3](...continued)
misleading. *See, e.g.*, <u>Akeva LLC v. Mizuno Corp</u>. 212 F.R.D. 306, 310 (M.D. N.C. 2002). In addition, the District contends that permitting further expert opinion at this late juncture would be unduly prejudicial because the District would be unable to properly respond.

4

that any similar attempt to play loosely with the Court's orders in the future will not be tolerated and will be dealt with swiftly and decisively.

In sum, given the foregoing, the District's Motion to Strike Integrated Farms' July 8, 2005 Supplementations to the Arthur Gimmy International Appraisal Report of the Heise Ranch is GRANTED.[4]  No sanctions, however, will be awarded.

IT IS SO ORDERED.

DATED: August 10, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h)