UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOUTH TAHOE PUBLIC UTILITY
DISTRICT, a public utility
entity,

        Plaintiff,

  v.

1442.92 ACRES OR LAND IN
ALPINE COUNTY, CALIFORNIA;
F. HEISE LAND & LIVESTOCK
COMPANY, INC., a Nevada
corporation, WILLIAM WEAVER;
EDDIE R. SNYDER; CROCKETT
ENTERPRISES, INC., a Nevada
corporation,

        Defendants.

NO. 2:02-cv-0238-MCE-JFM

ORDER

----oo0oo----

    Following entry of judgment in this matter on April 28, 2006 in accordance with the jury's verdict of April 27, 2006, Plaintiff South Tahoe Public Utility District ("the District") has timely moved for judgment as a matter of law pursuant to

//
//

1

Federal Rule of Civil Procedure[1] 50(b).  Alternatively, the District has requested either that the judgment rendered against it be reduced pursuant to Rule 59(e), or that a new trial be granted in accordance with Rule 59(a).  The District's motion is denied.[2]

The District's motion is premised on two grounds.  First, it argues that the jury separately valued the water rights associated with the property at issue in this litigation, in violation of both the so-called "unit rule" and Jury Instruction No. 22.  Secondly, the District claims that the verdict was based on false or perjured testimony provided by George Thiel and Ross de Lipkau, experts who testified for Defendant Integrated Farms.  Neither contention has any merit.

The "unit rule" embodies the notion that just compensation for condemned property cannot be determined by separately valuing, then adding, the separate components of land value.  See United States v. 6.45 Acres of Land, 409 F.3d 139, 146 (3rd Cir. 2005; <u>City of Stockton v. Albert Brocchini Farms, Inc.</u>, 92 Cal. App. 4th 193, 200 (2001).  Application of the "unit rule", however, is subject to an exception in this case if the property at issue possessed excess water rights (beyond those necessary to sustain its alleged highest and best use), and if an active

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h)

2

market exists for such excess water rights.[3] An enhancement to value premised on those rights does not run afoul of the "unit rule", as the Court made clear in Jury Instruction No. 22, which provided as follows:

### INSTRUCTION NO. 22

The defendant is not entitled to have all factors affecting the value of its property added together and to have the total of the additions taken as the reasonable market value of its land. There can be no separate valuation of natural attributes of the land whenever the separate valuation of natural attributes of the land whenever the comparable sales method of valuation is used. One of the purposes of this rule is to avoid the duplication of compensation.

The water rights associated with the Heise Ranch are one element among many in determining the market value of the Heise Ranch. Such rights as an enhancement to the land value are admissible when there is a market for such rights. However, the water rights cannot be considered as an independent factor whose value is to be added to the value of the land.

The District's argument that Instruction No. 22 required the jury to adhere to the "unit rule" is disingenuous given the language of the instruction providing for an "enhancement" in value provided that a market has been established for water rights. Moreover, in accordance with the instruction, the jury assigned a lump sum value to the property in question ($12,659,429.00), then added by way of explanation that water rights associated with the property constituted $3,174,600.00 of

---

[3] According to Integrated Farms' expert, Arthur Gimmy, treating such excess rights as an enhancement factor is in accordance with the procedures set forth by the Appraisal Institute, Uniform Appraisal Standards for Federal Land Acquisitions, 5th Ed. 2000 (published in cooperation with the United States Department of Justice).

3

that total value.  The jury's verdict is not inconsistent with the instruction.

In addition, with respect to application of the "unit rule" itself, the District persists in asserting that the rule precludes any separate assessment of water rights in this case, despite the fact that the Court has rejected that very argument on two previous occasions.  On March 20, 2006, prior to commencement of trial, the Court rejected the District's Motion in Limine No. 13, which sought to preclude Arthur Gimmy's enhancement value adjustment of the Heise Ranch's excess water rights as a component of the property's fair market value.  The Court specifically found that Gimmy's methodology in that regard was appropriate while, at the same time, recognizing that it could be subject to rigorous cross-examination.  Then, on April 10, 2006, during trial, the District renewed its motion to exclude Mr. Gimmy's testimony on grounds that an active market for excess water had not been established.  The Court denied that renewed motion as well.

In attempting to once again assert that the "unit rule" precludes any assessment of excess water rights, the District in effect seeks to revisit the same arguments already rejected twice by this Court.  The District's inappropriate attempt to take "a third bite at the apple" is summarily rejected. A motion for judgment is a matter of law is appropriate "only if the verdict is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." McEuin v. Crown Equipment Corp., 328 F.3d 1028, 1036 (9th Cir. 2003), citing E.E.O.C. v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.

4

1997). Here no such result has occurred with respect to application of the unit rule.[4] The District has similarly not demonstrated its entitlement to a new trial. The jury's verdict was not contrary to the clear weight of the evidence,[5] and it is not necessary to vacate (or reduce) the verdict in order to prevent a miscarriage of justice. Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 510 (9th Cir. 2000).

The second argument advanced by the District in support of its motion goes to another recognized ground for granting a new trial; namely, the propriety of affording such relief when a jury verdict is based on false or perjurious evidence. Id. In order to justify a new trial, however, the purportedly defective testimony must have materially affected the jury's verdict in the sense that a different result would likely have been reached in the absence of such testimony. See Coastal Transfer Co. v.

---

[4] Preliminarily, in opposing the District's motion for judgment as a matter of law under Rule 50(b), Integrated Farms argues that the District has not established the predicate for such a motion by showing that a Rule 50(a) motion was brought prior to the close of evidence. To the extent that the District's motion amounts to a challenge to the consistency of the jury's verdict, however, the Court may consider a Rule 50(b) motion even in the absence of a prior motion. Pierce v. Southern Pacific Transp. Co., 823 F.2d 1366, 1369 (9th Cir. 1987). Here, because one of the District's arguments is that the verdict was inconsistent with the instructions provided to the jury, the Court will proceed to dispose of the District's motion on its merits.

[5] The Court rejects the District's argument that the $3,174,600.00 enhancement component of property value constitutes duplicative compensation, since Integrated Farms' expert testimony showed that the enhancement related to excess water rights above and beyond that necessary to sustain the highest and best use of the property. Arthur Gimmy took those excess water rights into account, for example, when considering comparable property values.

5

Toyota Motor Sales, USA, 833 F.2d 208, 211-12 (9th Cir. 1987).

    Here, the District has identified two alleged falsities in testimony offered on behalf of Integrated Farms.  First, the District claims that both George Thiel and Ross de Lipkau indicated that Lyon County itself had bought water rights belonging to a comparable property, the O'Callaghan Ranch, whereas in actuality those rights had been acquired by a developer for dedication to (and joint ownership with) the County in connection with the developer's building project. Significantly, in Integrated Farms' rebuttal case, the above-descrived factual discrepancy was recognized and disclosed to the jury.  Any associated inconsistency was minor, and under no stretch of the imagination could such inconsistency have risen to the level of affecting the jury's verdict and justifying a new trial.

    The District fares no better with respect to the second area of allegedly false testimony it identifies.  That testimony relates to Mr. Thiel's claim that he offered $3.9 million to purchase the O'Callaghan property, whereas in actuality only $3.0 million was offered in writing through a lease/purchase agreement.  The declaration of Jeff Kirby, a managing member of Thiel Engineering Consultants, however, explains both that lease/purchase agreements were commonly used in the sale of undeveloped property like the Heise Ranch, and that Kirby, on Thiel's behalf, ultimately did offer $3.9 million orally for the property. (See Kirby Decl. in Opp. to Pl.'s Mot., ¶ 5, 9).  Any factual discrepancy in this regard hardly goes to the crux of the case and not even the District can adequately explain, as it

must, how the testimony would have affected the case's outcome in order to justify a new trial.

For all the foregoing reasons, the District's Motion for Judgment as a Matter of Law, or Alternatively for New Trial and/or remittitur, is DENIED.

IT IS SO ORDERED.

DATED: August 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

7