UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOUTH TAHOE PUBLIC UTILITY DISTRICT, a public utility entity,

    Plaintiff,

v.

1442.92 ACRES OR LAND IN ALPINE COUNTY, CALIFORNIA; F. HEISE LAND & LIVESTOCK COMPANY, INC., a Nevada corporation, WILLIAM WEAVER; EDDIE R. SNYDER; CROCKETT ENTERPRISES, INC., a Nevada corporation,

    Defendants.

No. 2:02-cv-0238-MCE-JFM

ORDER

----oo0oo----

Through the present motion, Defendant Integrated Farms, LLC ("Integrated Farms") asks the Court to increase the amount of its previous $5.2 million deposit of probable compensation in this eminent domain proceeding by the difference between that amount and the $12,659,439.00 judgment rendered, on April 28, 2006, in accordance with the jury's verdict following trial.

///

1

The shortfall between the deposit made by Plaintiff South Tahoe Public Utility District ("District") and the judgment totals $7,459,439.00.

Integrated Farms argues that because the District has already obtained possession of the property in question through a so-called "quick take" proceeding under California law, California Code of Civil Procedure Section 1255.030(a) and (c)[1] require that the District's deposit be increased commensurate with the jury's determination of just compensation as reflected in its verdict and the resulting judgment. The District does not dispute that California law governs in resolving the issue of whether or not its deposit should be increased. Its sole argument against Integrated Farms' request[2] rests with the contention that under the terms of the parties' March 7, 2003 Stipulation Regarding Order of Possession, Integrated specifically waived its right to "challenge" the amount of the District's deposit pursuant to Section 1255.030 or otherwise.

Section 1255.030 provides in pertinent part as follows:

> (a) At any time after a deposit has been made pursuant to this article, the court shall, upon motion of the plaintiff or of any part having an interest in the property for which the deposit was made, determine or redetermine whether the amount deposited is the probable amount of compensation that will be awarded in the proceeding. The motion shall be supported with detail sufficient to indicate clearly the basis for the motion...
> ...

---

[1] All further statutory references are to the California Code of Civil Procedure unless otherwise noted.

[2] While the District also argued that Integrated Farms' Motion was premature pending the Court's ruling on its two post-trial motions, the District's Motion for Judgment as a Matter of Law and its Motion to Amend the Judgment have now been decided, making that contention moot.

> (c) If the plaintiff has taken possession of the property and the court determines that the probable amount of compensation exceeds the amount deposited, the court shall order the amount deposited to be increased to the amount determined to be the probable amount of compensation...

In providing that a court *shall* increase the amount of probable compensation *at any time* after the deposit made by a party in possession of property subject to eminent domain proceedings is deemed inadequate, the statute makes such increase mandatory upon determination, whether pre or post-judgment, that the deposit made is less than the probable amount due the landowner.

This conclusion is underscored by California caselaw. In <u>Whittier Redevelopment Agency v. Oceanic Arts</u>, 33 Cal. App. 4th 1052 (1995), like this case, the court was faced with a plaintiff who obtained prejudgment possession of condemned property upon deposit of a sum ultimately found to be less than the value of the property as determined by the jury. The landowner moved, post-judgment, to increase the amount of probable compensation in light of the jury's verdict even though the plaintiff had filed a notice of appeal. The <u>Whittier</u> court ordered an increase in the deposit amount, interpreting Section 1255.030 as follows:

> "We interpret the phrase "at any time" to mean exactly what it says: *at any time*. There, section 1255.030, subdivisions (a) and (c) read together not only authorize, but require, the trial court to order a plaintiff which has obtained prejudgment possession to increase the amount of its deposit of probably compensation following a judgment in excess of the amount deposited."

<u>Id.</u> at 1058, emphasis in original.

///
///
///

3

1    Whittier thereby rejected the plaintiff's contention that
2 the phrase "at any time" means "at any time prior to judgment,
3 explaining that "[i]f the Legislature had intended to so limit
4 the trial court's authority to increase the amount of the
5 deposit, it easily could have said so.  Id. at 1058-59.  Whittier
6 interpreted the statute as **requiring** an increase in the deposit
7 of probable compensation under circumstances akin to those
8 confronted in this case.[3]
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///

---

[3]Significantly, too, another state appellate decision, Dept. of Transp. v. Zivelonghi, 181 Cal. App. 3d 1035, 1045 (1986), holds that irrespective of the provisions of Section 1255.030 the court has the inherent party to redetermine the amount of probable compensation post-judgment.  Hence, although Zivelonghi found that Section 1255.030 did not apply in a post-judgment context, the court nonetheless found adjustment of the probable compensation deposit following a jury verdict in excess of the deposit to be appropriate.
    While agreeing with the result of Zivelonghi, the Whittier court disagreed with Zivelonghi's finding that Section 1255.030 only applied on a prejudgment basis, pointing to the fact as indicated above that the statute's terms provide for an increase in the deposit "at any time."  Whittier, 33 Cal. App. 4th at 1058.  This Court finds Whittier's reasoning more persuasive and determines that Section 1255.030 is applicable to the circumstances confronted herein.  Even were that not the case, however, Zivelonghi still offers an alternative basis for requiring an additional deposit in this instance.

Having determined that both the terms of the statute and its interpretation by California courts authorize, and indeed require, this Court to increase the amount of the District's deposit given the jury's determination as to the value of the subject property (such determination is virtually undisputed by the District), we now turn to the District's argument that under the terms of the Stipulation and Order Regarding Possession, Integrated Farms nonetheless specifically waived all rights to challenge the amount of the deposit under Section 1255.030 or otherwise.

On or about March 7, 2003, the parties entered into a Stipulation Regarding Order of Possession.  The terms of that agreement both permitted the District to take possession of the property and authorized Integrated Farms (as well as the prior owner, Heise) to withdraw the District's probable compensation deposit.  The stipulation streamlined the pretrial process in this eminent domain by allowing both transfer of possession and withdrawal of the deposit without a challenge to the adequacy of the deposit pursuant to Section 1255.030(b), which provides that the court may order a deposit increased if the eminent domain plaintiff has not taken possession of the property and the court determines that the probable compensation for the property exceeds the amount of the deposit.

///
///
///
///
///

In permitting withdrawal of the initial $4,850,000.00 deposited by the District, the District wanted to ensure that Integrated Farms would not then proceed to nonetheless challenge the deposit amount through a potentially time-consuming evaluation procedure as to the property's probable value, including complete appraisal data as set forth in Section 1255.030(a).[4] Moreover, as Integrated Farms points out, it wanted to both secure a release of the deposit and preserve its resources by avoiding two separate determinations of fair market value for the same case.  Decl. of G. David Robertson, ¶ 3. Consequently, the Stipulation contains the following provision:

> 6. Heise and Integrated Farms waive any and all rights they may have, pursuant to California Code of Civil Procedure § 1255.030 or otherwise, to challenge the amount of the Deposit of Probable compensation made by District.

March 7, 2003 Stipulation Regarding Order of Possession, ¶ 6, attached as Exhibit "A" to the Decl. Of Robin L. Lewis.

The District now argues that despite the jury's determination of just compensation in this case, any attempt to increase the amount of the deposit in the wake of that verdict would constitute a "challenge" to the amount of the deposit precluded under the terms of the Stipulation as enumerated above. The Court disagrees.

///

---

[4] Pursuant to subdivision (a)(1) and (2), that data includes, but is not limited to, information pertinent to the date of valuation, highest and best use, and applicable zoning of the property, as well as the principal transactions or comparables supporting the property's value.

1     As Integrated Farms points out, since the actual value of
2 just compensation has been determined by the jury, it no longer
3 needs to "challenge" the amount of the deposit as being an
4 incorrect estimate of the likely probable compensation to be
5 awarded by the jury.  Instead, once judgment was entered in
6 accordance with the jury's determination, in accordance with the
7 plain language of the statute (which authorizes a deposit
8 increase "at any time" as set forth above), Integrated needs only
9 to request that the deposit be increased to the actual final
10 value as assessed by the jury.  It has done just that through the
11 present motion, which is not in itself a "challenge" to probable
12 compensation but rather a request that the deposit be increased
13 following a "challenge" already adjudicated through trial.
14 Integrated Farms clearly did not waive its right to proceed to
15 trial in challenging the amount of just compensation, and the
16 context of the parties' March 7, 2003 Stipulation makes it
17 evident that any "challenge" as encompassed by the Stipulation
18 necessarily related only to pretrial proceedings and not, as
19 here, to a post-judgment increase squaring the deposit with the
20 ultimate judgment.  Integrated Farms did not waive its right to
21 bring a motion to require the District to deposit just
22 compensation after that amount had been determined.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Given all the above, Integrated Farms' Motion for an Order
2 Requiring Plaintiff to Increase its Deposit of Probable
3 Compensation is GRANTED.[5]  The District shall deposit, in
4 accordance with the provisions of Section 1255.010, et seq., an
5 additional an additional $7,169,980.55 not later than sixty (60)
6 days following the date of this Order.  That increase represents
7 the $7,459.439.00 difference between the District's total deposit
8 of $5.2 million and the $12,659.439.00 jury verdict, less
9 $289,458.45, which represents remediation costs and delinquent
10 property taxes operating as an offset against the judgment
11 pursuant to the Court's Order on the District's Motion to Amend
12 Judgment.
13     IT IS SO ORDERED.
14 DATED: August 25, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5]Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

8